UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


DERRICK ENGLISH, *pro se*          )          Case No.: 1:01 CV 1255
                                   )
          Petitioner               )
                                   )
     v.                            )          JUDGE SOLOMON OLIVER, JR.
                                   )
TONI BROOKS, Warden,               )
                                   )
          Respondent               )          <u>ORDER</u>


On May 23, 2001, Petitioner Derrick English, *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his sentence after pleading guilty in state court to one count of engaging in a pattern of corrupt activity, three first degree felony counts of trafficking in cocaine, one second degree felony count of trafficking in cocaine, one misdemeanor count of permitting drug abuse, and one misdemeanor count of possession of drug abuse paraphernalia.  (ECF No. 1.)

This case was referred to Magistrate Judge Jack B. Streepy for preparation of a Report and Recommendation on English's § 2254 petition.  The Magistrate Judge issued his Report and Recommendation on November 6, 2002, recommending that final judgment be entered in favor of the Respondent and that English's petition be denied.  (ECF No. 16.)  Specifically, the Magistrate Judge found that English's first claim for relief was procedurally defaulted and that his final four claims, all relating to whether his guilty plea was voluntary, failed on the merits.  English filed

objections to all of the Magistrate Judge's findings.  (ECF No. 22.)  Later, on July 21, 2006, English

filed a motion for the appointment of counsel and request for an evidentiary hearing.  (ECF No. 24.)

Upon careful *de novo* review of the Magistrate Judge's Report and Recommendation and all

other relevant matters in the record, this court finds that the Magistrate Judge's conclusions are fully

supported by the record and controlling case law.  Accordingly, the court adopts as its own the

Magistrate Judge's Report and Recommendation for the reasons stated by the Magistrate Judge, as

well as the additional reasons stated herein.   Further, for the reasons discussed below, English's

motion for the appointment of counsel and request for an evidentiary hearing (ECF No. 24) is

denied.

## I.  BACKGROUND

### A.      Charges

English was indicted by the July 1998 Term of the Lorain County (Ohio) Grand Jury for: one

count of Engaging in a Pattern of Corrupt Activity pursuant to Ohio Revised Code Section

2923.32(A)(1); four counts of Trafficking in Cocaine pursuant to Ohio Revised Code Section

2925.03(A); one count of Permitting Drug Abuse pursuant to Ohio Revised Code Section

2925.13(A); and one count of Possession of Drug Abuse Paraphernalia pursuant to Ohio Revised

Code 2925.14(C)(1).  Counts two, three, four, and five had the Specification defining English as a

Major Drug Offender under Ohio Revised Code Section 2929.01(Y).

### B.      Plea and Change of Plea

On January 20, 1999, English pleaded guilty to: one count of Engaging in a Pattern of

Corrupt Activity; three counts of Trafficking in Cocaine as first degree felonies; one count of

Trafficking in Cocaine as a second degree felony; one count of Permitting Drug Abuse as a

misdemeanor of the first degree; and one count of Possession of Drug Abuse Paraphernalia as a misdemeanor of the fourth degree.

On January 24, 1999, English, through counsel, filed a Motion to Withdraw Plea and Counsel.  (Mot. to Withdraw Plea and Counsel, Ex. C in App. to Resp't's Answer, ECF No. 13.) On February 5, 1999, the trial court issued a Journal Entry wherein English's original defense counsel was permitted to withdraw from the case and a hearing was set on the motion to withdraw English's guilty plea. (Journal Entry, App. Ex. D.)  On February 10, 1999, the trial court issued another Journal Entry assigning English new counsel to represent him during the hearing on his motion to withdraw his guilty plea.  (Journal Entry, App. Ex. E.)  English's motion to withdraw his guilty plea was denied.  (Journal Entry, App. Ex. G.)

**C.      Sentencing**

 On February 12, 1999, English was sentenced to: ten years with an additional seven years on Count one; eight years with an additional seven years and a $7,500.00 fine on Count two; ten years with and an additional seven years and a $10,000.00 fine on Count three; ten years and an additional seven years and a $10,000.00 fine on Count four; ten years with an additional seven years and a $10,000.00 fine on Count five; six months with a $1,000.00 fine on Count six; and one month with a $250.00 fine on Count seven.  Each count was ordered to be served concurrently.

**D.      English's Direct Appeals**[1]

On March 5, 1999, English, through counsel, filed a Notice of Appeal from his conviction and sentence of February 12, 1999.  (Notice of Appeal, App. Ex. L.)  On April 16, 1999, English's appellate counsel filed a motion to withdraw which was subsequently granted, and English proceeded on appeal *pro se*.  (Mot. to Withdraw, App. Ex. M; Journal Entry, App. Ex. N.)  In his brief, English raised the following three assignments of error:

> 1. The Trial Court Abused It's [sic] Discretion By Denying The Appellant's Motion
>      To Withdraw His Guilty Plea.
> 2. The Appellant Did Not Enter An [sic] Voluntarily And Knowingly Plea of Guilty.
> 3. The Conduct Of The Appellant's Attorneys Constitutes Ineffective Assistance Of
>      Counsel.

(Brief of Defendant-Appellant, App. Ex. O.)  On April 21, 1999, English filed, *pro se*, an Amended and Supplemental Brief wherein he in essence raised the same claims made in his first brief.

On January 5, 2000, the Court of Appeals issued its Decision and Journal Entry wherein after thoroughly addressing the three assignments of error and overruling each, it affirmed the judgment of the trial court.  (Decision and Journal Entry, App. Ex. S.)

**E.      English's Motions for Reconsideration**

On January 20, 2000, English filed, *pro se*, a Motion for Reconsideration before the Court of Appeals pursuant to Appellate Rule 26(A).  In his motion, English made three arguments: (1) that the trial court abused its discretion by accepting English's guilty plea when it was not knowingly,

---

[1]      English filed numerous *pro se* briefs, not all of which are discussed below.  Only the briefs filed in the appropriate courts relevant to English's current claims presented in his § 2254 Habeas Petition are discussed.

- 4 -

intelligently, or voluntarily made; (2) prosecutorial misconduct by using false evidence to attain a conviction; and (3) withholding evidence by the prosecution, defense and trial court. On January 26, 2000, English also filed, *pro se*, a Motion to Certify Conflict, pursuant to Appellate Rule 25. (Mot. to Certify Conflict, Pursuant to Appellate Rule 25, App. Ex. U.) Subsequently, the Court of Appeals issued two Journal Entries on February 3, 2000, wherein both of English's motions were stricken from the record as being untimely filed pursuant to Appellate Rule 26(A).[2] (Journal Entry, App. Ex. W; Journal Entry, App. Ex. X.)

On January 5, 2001, English filed, *pro se*, an Application for Delayed Reconsideration/Reopening under Ohio Appellate Rule 26(B) before the Ninth Judicial District Court of Appeals for Lorain County, Ohio. (Application for Delayed Reconsideration/Reopening, App. Ex. E1.) This was the first time that English raised his ineffective assistance of appellate counsel/ invalid waiver of the right to appellate counsel claim. On January 23, 2001, the Court of Appeals denied English's application as being untimely. (Journal Entry, App. Ex. F1.)

Thereafter, on February 16, 2001, English filed, *pro se*, a Notice of Appeal before the Supreme Court of Ohio as a result of the denial of his application. (Notice of Appeal of Appellant

---

[2]    On February 17, 2000, English filed, *pro se*, another motion before the Court of Appeals requesting relief from judgment under Civil Rule 60(B). (Mot. for Relief from J. Pursuant to Civil Rule 60(B), App. Ex. Y.) The Court of Appeals issued a Journal Entry wherein it ordered the motion stricken from the record because such a motion is to be made before the trial court and not the Court of Appeals. (Journal Entry, App. Ex. Z; Docket Sheet for Appellate Case No. 99CA007305, App. Ex. A1.) Additionally, on February 14, 2000, English filed, *pro se*, a Notice of Appeal before the Supreme Court of Ohio regarding the Court of Appeals decision issued on January 5, 2000. On May 3, 2000, the Supreme Court of Ohio issued an Entry wherein it declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question. (Entry, App. Ex. C1; Docket Sheet for Supreme Court Case No. 00-0331, App. Ex. D1.)

Derrick L. English, App. Ex. G1.)  On April 11, 2001, the Supreme Court of Ohio issued an Entry

wherein it dismissed the appeal as not involving any substantial constitutional question.  (Entry,

App. Ex. J1; Docket Sheet for Supreme Court Case No. 01-0373, App. Ex.K1.)

## II. THE MAGISTRATE JUDGE'S DECISION ON
## ENGLISH'S FIRST CLAIM FOR RELIEF

The Magistrate Judge found that English procedurally defaulted his involuntary waiver of

appellate counsel claim, which Petitioner sometimes calls ineffective assistance of appellate counsel

claim, because he did not raise it on direct appeal and because his motion for delayed appeal was

found to be untimely by the appellate court.

**A.      Exhaustion Requirement**

Before a state prisoner may seek a writ of habeas corpus in federal court pursuant to U.S.C.

§ 2254, he must exhaust his state court remedies by fairly presenting all of his constitutional claims

to the highest state court, and to all appropriate prior state courts.  *See* 28 U.S.C. § 2254(b), (c);

*Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275-276 (1971); *Pillette*

*v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987); *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).

English's first claim for relief states:

> Petitioner was denied his constitutional right to counsel in his direct
> appeal when appellate counsel withdrew due to a conflict of interest
> which forced Petitioner to represent himself on appeal without there
> being a valid waiver of the right to counsel and not having been made
> aware of the dangers and disadvantages of selfrepresentation [*sic*].

English raised the issues regarding right to counsel on appeal for the first time on January

5, 2001, in his application for delayed reconsideration/reopening in the Ohio Court of Appeals Ninth

- 6 -

District pursuant to Ohio App. R. 26(B).[3]  Ohio Rule of Appellate Procedure 26(B) allows defendants to "reopen an appeal" on the basis of ineffective assistance of appellate counsel.  *See* Ohio App. R. 26(B).  The Court of Appeals denied the claim because English filed his motion outside of the 90-day time limit in Ohio App. R. 26(B)(1)(b) and failed to establish good cause for doing so.  The Magistrate Judge concluded that this claim was therefore procedurally defaulted.

**B.        Procedural Default**

In order for a claim to be procedurally defaulted: (1) there must be a state procedural rule applicable to the petitioner's claim with which he did not comply; (2) the state courts must have actually enforced the state procedural rule against petitioner's claim; and (3) the state procedural forfeiture must be an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim.  *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).  If these three factors are met, the court may still excuse the default if the petitioner can demonstrate that there was cause for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.  *Maupin*, 785 F.2d at 138; *see Monzo*, 281 F.3d at 576.

---

[3]        In his § 2254 habeas petition, English frames his first claim for relief as involuntary waiver of the right to counsel, but later refers to it in the terms of ineffective assistance of appellate counsel.  Accordingly, English's involuntary waiver of the right to counsel and ineffective assistance of appellate counsel are one in the same claim asserting violation of the Sixth Amendment, and this argument was raised in his 26(B) application.  (*See* Traverse to Return of Writ /answer filed by *pro se* Derrick English at 3; ECF No. 15) (stating, "petitioner's ineffective assistance of counsel claim for counsel's improper withdrawal on appeal in ground one of his petition is clearly a violation of the Sixth Amendment....").  Furthermore, English agrees with Respondent that this first claim for relief was presented to the Ohio Court of Appeals in his 26(B) application.  (*See id.* at 2.)

- 7 -

In applying the *Maupin* factors for determining procedural default to English's first claim for relief, the Magistrate Judge found that the good cause requirement of Ohio App. R. 26(B)(1)(b) is an adequate and independent state procedural ground, the enforcement of which is sufficient to foreclose federal review of the issue.  (R&R at 3-4).  He further found that English had failed to raise cause and prejudice to excuse his procedural default.

## C.     English's Objections to the Magistrate's Ruling on his First Claim for Relief

In his objections, English asserts a number of reasons why the 90-day time limit in Ohio App. R. 26(B)(1)(b) should not act as a bar to hearing the merits of his claim.

### 1.      Rule 26(B) is an adequate and independent state procedural ground

First, citing the Southern District of Ohio's decision in *Landrum v. Anderson*, 185 F. Supp. 2d 868 (S.D. Ohio 2002), English argues that Ohio App. R. 26(B)(1)(b) is not an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim.  In *Landrum*, the court reviewed Ohio Supreme Court decisions addressing Rule 26(B) in capital cases and held that  "[a]t this point in time, it cannot be said the Ohio App. R. 26(B) timeliness/good cause rule is firmly established and regularly followed in Ohio capital cases." *Landrum*, 185 F. Supp. at 872.  However, several months after the *Landrum* case was decided, the Sixth Circuit held in *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002), a non-capital case, that the good cause requirement in Rule 26(B) is, in fact, an adequate state procedural ground, the application of which is sufficient to foreclose federal review.  Because this is a non-capital case, *Monzo* is binding authority on this court.  English's objection on this ground is therefore denied.

**2.      English was not entitled to appellate counsel for his 26(B) application**

Next, English attempts to establish cause for his procedural default by arguing that he was entitled to counsel on his application for delayed reconsideration/reopening before the Court of Appeals.  In support, he cites the Sixth Circuit's decision in *White v. Schotten*, 201 F.3d 743, 752 (6th Cir. 2000), where the court held that an application for delayed reconsideration is a continuation of activities related to the direct appeal itself and that a defendant is therefore entitled to effective assistance of counsel at this stage of his proceedings.

English's reliance on *White v. Schotten*, 201 F.3d 743 is misplaced in light of intervening case law.  In  *Lopez v. Wilson*, the Sixth Circuit confirmed that "Rule 26(B) creates a collateral post-conviction procedure, and is not part of the direct right of appeal. We therefore overrule *White v. Schotten*."  426 F.3d 339, 341 (6th Cir. 2005).  Accordingly, as stated by the Sixth Circuit in *Lopez*, "a Rule 26(B) application to reopen is a collateral matter rather than part of direct review. As such, there is no federal constitutional right to assistance of counsel at that stage." *Id.* at 352. Consequently, English's objection relying on *White v. Schotten* is denied.

**3.      English's argument that his involuntary waiver of the right to appellate counsel establishes cause**

On March 5, 1999, English, through counsel, filed a Notice of Appeal from his conviction and sentence of February 12, 1999.  On April 16, 1999, English's appellate counsel filed a motion to withdraw, stating that English had filed his own brief, *pro se*, the previous day against counsel's suggestions and advice.  (*See* Ex. M.)  On May 27, 1999, the Court of Appeals granted the motion to withdraw.  In the same order, the court denied English's motion for the appointment of counsel, finding that he had not demonstrated that he was unable to afford counsel.  (*See* Ex. N.)  Thereafter, English proceeded on appeal *pro se*.  The first time English raised the issue of ineffective assistance

- 9 -

of appellate counsel/ invalid waiver of the right to appellate counsel was in his *pro se* application for delayed reconsideration/reopening before the Court of Appeals.  As noted above, the Court denied that motion as untimely.

English argues that his failure to timely file his Rule 26(B) application should be excused because he never validly waived his right to counsel on direct appeal; thus any errors he may have made while proceeding on that claim *pro se* should be excused.  This argument is not well taken. What English is really attempting to do is use the merits of his procedurally defaulted claim (invalid waiver of the right to counsel on appeal) to excuse his procedural default of that same claim. English  has not provided any authority that would indicate that such an action would be proper in this case.

English's argument is analogous to a petitioner attempting to use a procedurally defaulted ineffective assistance of counsel claim to establish cause to excuse the procedural default of another claim.  The Supreme Court has held that in this situation, the ineffective assistance of counsel claim itself must be fairly presented to the state courts.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) ("We therefore require a prisoner to demonstrate cause for his state-court default of *any* federal claim, and prejudice therefrom, before the federal habeas court will consider the merits of that claim."); *Gunter v. Maloney*, 291 F.3d 74, 81 (1st Cir. 2002).  Therefore,  English's objection based, on his argument that his late filing should be excused because he never validly waived his right to counsel on direct appeal, is denied.  In reaching this conclusion, the court finds the decision in *Betts v. Litscher*, 241 F. 3d 594 (7th Cir. 2001) to be inapposite.  There,  the Seventh Circuit found that in light of that fact that the petitioner had "peppered the court with requests for a lawyer to assist him," he had not procedurally defaulted any of his claims because there was no evidence

on the record that he had validly waived his right to appellate counsel.  *Id.* at 595-596.  Here, there is no similar record of repeated requests for counsel as in *Betts*.  In this case, Petitioner filed his own brief even before counsel withdrew.  Further, when English was denied counsel because he had not shown that he could not afford counsel, there is no evidence that he sought to have the court reconsider that determination at any time.  Finally, English did not raise the issue of the lack of counsel on appeal, or any issue regarding the involuntary waiver of counsel, in the brief that he filed on direct appeal.

### 4.      Lack of Response from the Ohio Public Defender

Finally, English argues the Ohio Public Defender never responded to his request for assistance in preparing his Rule 26(B) application and that this fact establishes cause for his procedural default.  According to English, after the Ohio Court of Appeals denied his appeal, he wrote the Ohio Public Defender to request its assistance.  He never heard back from the Public Defender's Office and therefore prepared his Rule 26(B) application for delayed reconsideration/reopening *pro se*.

English argues that his case is similar to the situation in *White v. Schotten*, *supra*.  There, the Ohio Public Defender's Office, who was representing White, filed his application for reopening three years late.  As the court held, "[w]ithout question, an attorney's failure or refusal to abide by established time deadlines in handling a client's appeal is conduct falling below the minimal standards of competency that federal case law has imposed upon counsel to satisfy constitutional safeguards."  *White*, 201 F.3d at 752.  The court found that such ineffective assistance of counsel established cause for White's failure to meet the 90-day time limit in Ohio App. R. 26(B).  *Id.* at 753.

- 11 -

There is a fundamental difference between this case and *White.*  In *White*, the Ohio Public Defender's Office was representing the petitioner, whereas here, English was never actually represented by any attorney in the office.  While he may have sought assistance from the Public Defender, he cannot rely on the Office's non-response to excuse his failure to abide by the timing requirement of Rule 26(B).  In other words, a defendant cannot claim ineffective assistance of counsel where he is not actually being represented by the person for whom he is claiming ineffectiveness.  Further, to adopt English's reasoning would make any defendant who has sought assistance from the Public Defender's Office and who has not received a response, or who receives a response more than 90 days after the request was made, immune from Rule 26(B)'s 90-day time limit.  That simply cannot be, as that office might receive numerous requests for assistance that it cannot fulfill or to which it is unable to promptly respond.

### III. The Magistrate Judge's Determination Regarding English's Other Claims for Habeas Relief

The Magistrate Judge concluded that English's final four claims, all relating to whether his guilty plea was voluntary, failed on the merits.  (*See* R&R at 5-11.)

**A.      English's Second Ground for Relief**

The Magistrate Judge reviewed the state court record to determine, in regard to Petitioner's second ground for relief, whether English's guilty plea was made knowingly, intelligently, and voluntarily as required by due process.  (*See* R&R at 5.)  Under the AEDPA, a state court decision on the law is binding on the federal court unless the state court's decision is contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States.  28 U.S.C. §2254(d)(1).  The state generally satisfies its burden with regard to a challenge to a guilty plea "by producing a transcript of the state court proceedings showing that the

- 12 -

plea was made voluntarily," and factual findings that a guilty plea "was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court." *Hastings v. Yukins*, 194 F. Supp. 2d 659, 668-69 (E.D. Mich. 2002) (citing *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993)).  After reviewing the transcripts from English's plea hearing and other relevant documents in the record, this court agrees with the Magistrate Judge's conclusion that the state court's determination that English's plea was knowingly and voluntarily made, has not been shown to be incorrect.  (R&R 6-7.)  English has failed to overcome the "heavy burden" required "to overturn these findings by the state court." *Hastings*, 194 F. Supp. 2d at 668-69.  Accordingly, the state court's determination was not an unreasonable application of federal law as determined by the Supreme Court.  Furthermore, Petitioner has provided no basis to support his motion for an evidentiary hearing on the issue of whether his guilty plea was entered knowingly and voluntarily.  Therefore, Petitioner's motion for a hearing on this issue and for the appointment of counsel, is denied. (ECF No. 24.)

**B.**     **English's Third Ground for Relief**

In his third ground for relief English contends his trial attorney rendered ineffective assistance by  "Promis[ing] Petitioner, without having secured the deal, that if [Petitioner] would plead guilty and cooperate with the police he would receive leniency." (§ 2254 Pet. at 23.)  After reviewing the *Strickland*[4] standard and the record in this case, the Magistrate Judge found that both the trial court and the court of appeals concluded that there was no plea agreement or promise, and that English had failed to overcome the presumption that those findings are correct.  The Magistrate Judge concluded that the state court's legal conclusion that trial counsel did not render ineffective

---

[4]     *See Strickland v. Washington*, 466 U.S. 668 (1984).

- 13 -

assistance was not an unreasonable application of federal law.  This court agrees with the Magistrate

Judge's determination.

**C.      English's Fourth Ground for Relief**

English's fourth ground for relief states as follows:

PETITIONER'S PLEA TO VOID SPECIFICATIONS AS SHOWN IN THE INDICTMENT AND THE PROCEEDINGS RENDERS THE PLEA TO THOSE SPECIFICATIONS VOID AS A MATTER OF CONSTITUTIONAL LAW.

Specifically, English contends that counts two, three, and four of his indictment did not

allege sufficient facts to support the "major drug offender" specifications which brought an

additional seven year sentence for each of those counts.  (*See* § 2254 Pet. at 28.)  The Magistrate

Judge found that "each drug trafficking charge in counts 2, 3 and 4 involved a maximum of 500

grams of cocaine and included a specification that charged English was a major drug offender

(MDO)."  (R&R at 8.)  The court sentenced English to eight years on count 2, and ten years each

on counts 3 and 4. The court imposed an additional seven years on each count as a result of the

MDO specifications resulting in a total sentence of fifteen years on count 2, and seventeen years

each for counts 3 and 4.

If a defendant commits a drug trafficking crime where the amount of cocaine exceeds 1,000

grams, he is an MDO. O.R.C. § 2925.11(C)(4)(f);[5] *Ohio v. Gonzales*, No. C-010757, 2002 WL

31094801, *8-*9 (Ohio Ct. App. Sept. 20, 2002).  The Magistrate Judge determined that the MDO

specification was "not an element of the underlying trafficking offense or a separate crime; it only

permit[ted] an additional penalty under O.R.C. § 2929.14(C), (D)(3)(b). . . ."  (R&R at 9) (citations

---

[5]      In 2006, the MDO specification which English was sentenced under was found unconstitutional.  *See Ohio v. Foster*, 109 Ohio St. 3d. 1 (2006). This case is discussed *infra*.

- 14 -

omitted).  The Magistrate Judge reasoned that, although it arguably appeared that  English should not have been sentenced to seven years under the MDO specifications for counts 2, 3, and 4 because he was not charged in those counts with trafficking cocaine in excess of 1,000 grams, the concurrent sentence of seventeen years for count 5 of the indictment rendered this error moot under the discretionary concurrent sentence doctrine as the seventeen-year sentence on count 5, as well as the seventeen-year sentence on count 1 (which did not have a specification), meant that voiding the specification sentences on counts 2, 3, and 4 would not reduce English's overall sentence.  (*See* R&R at 10.)

The discretionary concurrent sentence doctrine has been accepted by the Sixth Circuit and provides that "an appellate court may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction."  *Winn v. Renico*, 2006 U.S. App. LEXIS 12857 *11 (6th Cir. 2006) (citing *United States v. Jeter*, 775 F.2d 670 (6th Cir. 1985)).  The Magistrate Judge considered that the doctrine has been eroded some over the concern that there may still be collateral consequences from the alleged unconstitutional conviction, but concluded that there were no collateral consequences "because, even assuming the specifications are void, the underlying drug trafficking convictions under counts 2, 3 and 4 remain in effect." (R&R at 10.)  Accordingly, English's fourth ground for relief is denied.

## D.     English's Fifth Ground for Relief

English's fifth ground for relief states that he received inadequate notice of the offenses to which he pled guilty.  (*See* § 2254 Pet. at 35.)   After reviewing the transcript from English's plea, the Magistrate Judge found as follows:

- 15 -

> [T]he court specifically mentioned all seven counts and told English he was pleading guilty to those charges, as well as related specifications.  During the course of the plea, the trial court referred to a "plea sheet," which English confirmed he had signed, and answered affirmatively to the question whether he had "read this plea sheet entirely before he signed it[.]"  The plea sheet gives notice, including that there was a maximum possible sentence of 20 years on some of the counts.  English also confirmed he discussed the plea sheet with his attorney, and there was no information on the plea sheet that left him confused or that he thought might be incorrect.  The judge then turned to his attorney and asked, "[c]ounsel, do you agree your client [English] understands the nature of the charges and the specifications?"  His attorney responded, "[h]e does, your Honor."

(R&R at 10-11, citations omitted.)

The Magistrate Judge concluded that the Court of Appeals' decision that the trial court had complied with the law "by informing Defendant of the nature of the charges against him and the penalties that would result from a conviction" was not an unreasonable application of federal law. (*See* R&R at 11, citation omitted.)  Consequently, English's fifth ground for relief is denied

**E.       Summary**

Upon careful *de novo* review of the Magistrate Judge's Report and Recommendation and all other relevant matters in the record, the court finds that the Magistrate Judge's conclusions are fully supported by the record and controlling case law.  Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation.  (ECF No. 16.)

### IV. English's Newly Raised *Blakely* Claim

On July 21, 2006, English moved for the appointment of counsel and requested an evidentiary hearing on his § 2254 habeas petition.  (ECF No. 24.)  In this motion, English argues in essence that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004) because the MDO specification of O.R.C. § 2929(C) and § 2929(D)(3)(b), under which English was sentenced to an additional seven years on counts two, three, four, and five, was recently held to be unconstitutional

by *State v. Foster*, 109 Ohio St. 3d 1, 29-30 (2006).  In *Foster*, the Ohio Supreme Court held that

certain aspects of Ohio's sentencing statutes were constitutionally prohibited under *Blakely*.  The

*Foster* Court determined, in relevant part, as follows:

> Ohio's sentencing statutes offend the constitutional principles announced in *Blakely*
> in four areas. As was reaffirmed by the Supreme Court in [*United States v.*] *Booker*,
> "Any fact (other than a prior conviction) which is necessary to support a sentence
> exceeding the maximum authorized by the facts established by a plea of guilty or a
> jury verdict must be admitted by the defendant or proved to a jury beyond a
> reasonable doubt." [543 U.S. 220, 244 (2005).]
>
> ***
>
> Because R.C. 2929.14(B) and (C) and 2929.19(B)(2) require judicial factfinding
> before imposition of a sentence greater than the maximum term authorized by a jury
> verdict or admission of the defendant, they are unconstitutional. Because R.C.
> 2929.14(E)(4) and 2929.41(A) require judicial finding of facts not proven to a jury
> beyond a reasonable doubt or admitted by the defendant before imposition of
> consecutive sentences, they are unconstitutional.  Because R.C. 2929.14(D)(2)(b)
> and (D)(3)(b) require judicial finding of facts not proven to a jury beyond a
> reasonable doubt or admitted by the defendant, before repeat violent offender and
> major drug offender penalty enhancements are imposed, they are unconstitutional.
> [citations omitted.]

*Foster*, 109 Ohio St. 3d at 25.

The Ohio Supreme Court excised the unconstitutional provisions of its sentencing statutes

in accordance with the Supreme Court's remedial action in *Booker*, 543 U.S. at 234 (severing and

excising unconstitutional provisions of United States Sentencing Guidelines rather than invalidating

sentencing guidelines in their entirety), and held that any Ohio cases "pending on direct review must

be remanded to trial courts for new sentencing hearings not inconsistent with this opinion." *Foster*,

109 Ohio St. 3d at 31.

Habeas review under § 2254 is collateral review, *not* direct review.  As such, the holding

in *Foster* does not permit this court to grant habeas on this claim, or to order a new sentencing

hearing for English.  At the time of English's sentence and on direct review, the MDO specification

- 17 -

under which English was sentenced was constitutional.  Therefore, English's newly raised *Blakely* claim fails.

## V.  CERTIFICATE OF APPEALABILITY

The court must now consider, pursuant to 28 U.S.C. § 2253, whether to grant a certificate of appealability ("COA") as to any of English's claims raised in his Petition.  That statute states in relevant part:

> (c)(1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . .
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

28 U.S.C. § 2253.  In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

> to obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Id.* at 483-84 (quoting *Barefoot v. Estelle*, 463 U.S. 880 (1983)).

The Court determined that if the claim is not procedurally defaulted, then a habeas court need only determine whether reasonable jurists would find the district court's decision "debatable or wrong."  *Id.* at 484.  However, where the district court has determined that a claim is procedurally defaulted, it must engage in a two-step analysis to determine if a COA should issue as to the claim. In such an instance, a COA should only issue if "jurists of reason would find it debatable whether

- 18 -

the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*  Pursuant to this standard, the court will now determine whether it should grant a COA as to any of English's claims.

The court begins with English's last four claims for relief which relate to his guilty plea.  For the reasons stated in this Order and in the Magistrate Judges's Report and Recommendation, the court finds that reasonable jurists would not find the decision to deny these claims "debatable or wrong."  Accordingly, the court declines to issue a certificate of appealability as to these claims.  However, the court grants English a certificate of appealability on his first claim for relief insofar as it claims invalid waiver of the right to counsel for the reasons discussed below.

The court finds that jurists of reason would find it debatable whether English stated a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling when it concluded that English's first claim for relief had been procedurally defaulted and that English had not shown cause.  A  court may excuse the default if the petitioner can demonstrate that there was cause for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.  *Maupin*, 785 F.2d at 138; *see Monzo*, 281 F.3d at 576.  English maintains that he is prejudiced by the constitutional error in that his direct appeal (which failed to include his invalid waiver of the right to appellate counsel claim) was denied while he was acting *pro se*.  English also argues that he has established cause for the late filing of his 26(B) application.  Essentially, English maintains that even if not entitled to counsel for his 26(B) application, because his waiver of the right to appellate counsel on direct appeal was invalid and he was forced to proceed *pro se*, any errors attributable to him (e.g., the late filing) in subsequent proceedings (e.g., the 26(B) application) in pursuit of his invalid waiver of the

- 19 -

right to appellate counsel on direct appeal claim should be excused.  English's argument that he has established cause is circular and uses the merits of his underlying claim to excuse the procedural default of that same claim, an avenue that appears to be foreclosed by *Edwards v. Carpenter*, 529 U.S. 446, as discussed above.

The real issue is whether a defendant, after having been told of his appellate rights and right to counsel at sentencing, is required to be re-instructed on the record of the importance of counsel in prosecuting an appeal in the face of the withdrawal of his appellate counsel and denial of his request for appointed counsel.  While *Betts* arguably requires some determination on the record that there has been a voluntary waiver of counsel, it appears to be limited to its own facts which are substantially different from those in this case.  Thus, the court finds that in this case, there was no involuntary waiver of appellate counsel, such as in *Betts*, to excuse English's procedural default.  Nevertheless, this court finds that jurists of reason would find it debatable whether English has shown cause.  Accordingly, the court issues a certificate of appealability as to English's first ground for relief.

## VI.  CONCLUSION

For the foregoing reasons, the court adopts the Magistrate Judge's Recommendation that English's petition for a writ of habeas corpus be denied and that final judgment be entered in favor

of the Respondent.   English's motion for the appointment of counsel and request for an evidentiary hearing is denied.  (ECF No. 24.)  The court hereby issues a certificate of appealability on English's first claim for relief based on ineffective assistance of counsel/ invalid waiver of the right to counsel on appeal.

IT IS SO ORDERED.

/s/SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

September 29, 2006